IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JAMAL MITCHELL,                           *
        Plaintiff
   v.                                      *  CIVIL ACTION NO. AMD-04-1547

PRINCE GEORGE'S COUNTY, MD, et al.,       *
        Defendants
                                ******

MEMORANDUM

Plaintiff filed this civil action for damages, claiming that on October 25, 2001, Federal Bureau of Investigation ("FBI") Agent John C. Hawkins and two unknown animal control officers seized his pit bull terrier. He complains that the seizure occurred without a warrant in violation of the Fourth Amendment. Plaintiff further claims that after seizing the dog, the county's animal control office did not provide him with notice, which deprived him of due process under the Fifth and Fourteenth Amendments. Finally, he alleges that the dog was euthanized, without notice, 14 days after the seizure. Plaintiff seeks $1,000,000 in compensatory damages and unspecified punitive damages for the loss of his dog.

Now pending are defendants' motions to dismiss or, in the alternative, motions for summary judgment. Paper Nos. 12, 14, & 18. Plaintiff has filed opposition memoranda. Paper Nos. 16-17 & 20-21. The case is now ready for the court's consideration; no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2004).

I.

To survive defendants' properly supported motions for summary judgment, plaintiff is required to produce some evidence to support each of his constitutional claims. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Where all of the materials before the court indicate that there is no genuine issue of material fact and that the party moving for summary judgment is entitled to judgment as a matter of law, summary judgment is proper. *Id*. at 322. While the facts and all

reasonable inferences drawn therefrom must be viewed in a light most favorable to the party opposing the motion, *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 364 (4th Cr. 1985), "when the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). After its review of the summary judgment, the court concludes that plaintiff has failed to project sufficient evidence to overcome defendants' dispositive motions.

II.

The material facts are not in dispute. In 2000, FBI Special Agents ("SAs") Lissi and Bevington of the FBI field office in the District of Columbia began investigating plaintiff's interstate drug trafficking activities. Utilizing wire interceptions, surveillance, undercover meetings, and search warrants, the FBI secured plaintiff's indictment for narcotics conspiracy in the Eastern District of Virginia. *See* Paper No. 12, Exs. 2 & 3; *United States v. Mitchell*, 70 Fed. Appx. 707, 2003 WL 21757309 (4th Cir. July 31, 2003). On the morning of October 25, 2001, plaintiff was arrested at his primary residence in Alexandria, Virginia, based upon a warrant on a criminal complaint issued in the Eastern District of Virginia. *See* Paper No. 12, Ex. 2; *United States v. Mitchell*, 70 Fed. Appx. 707, 2003 WL 21757309 (4th Cir. July 31, 2003).

Relevant to this civil case is the fact that the FBI obtained and lawfully executed search warrants for plaintiff's Virginia address and also for his residence on Ellerbie Street in Lanham, Maryland. Paper No. 12, Exs. 1 & 3. The agents were aware that plaintiff kept a pit bull at the Ellerbie Street address. *Id.*, Ex. 4. While executing the search warrant at the Alexandria, Virginia, residence, agents asked plaintiff's spouse about the dog. She confirmed that the dog was "mean" and had previously bitten her. *Id.* Ex. 1. When asked if she would take the pit bull from the Ellerbie

address, she advised that she was afraid of the dog and indicated that she would not take custody of it. *Id*.

While plaintiff was being arrested in Virginia and his primary residence was being searched, defendant Hawkins was watching the Ellerbie Street address for purposes of executing the search warrant issued as to that address. *Id*., Ex. 4 at Hawkins Decl. Hawkins was advised that the pit bull was in the backyard. *Id*. Defendant Hawkins claims that based upon his experience, he has found that: (1) pit bulls are often used by those involved in the illegal narcotics trade to guard their "stash" houses where the drugs are stored; (2) the dogs are very dangerous to law enforcement personnel attempting to execute warrants; and once the owner of the dog is arrested, there is often no other person to step forward and take custody of the animal. *Id*. Hawkins called Prince George's County Animal Control to take custody of the dog.[1] *Id*.

Animal control officers arrived after the entry into the Ellerbie Street address but before the search was concluded. As the pit bull was being taken from the residence, it momentarily escaped from restraints and attempted to bite one of the animal control officers. Paper No. 12, Ex. 4. Defendant Hawkins states that he was concerned that he would be forced to shoot the pit bull, but it was recaptured by the Animal Control officers. *Id*. Defendant Hawkins claims he is unaware of what happened to the pit bull after it was taken by Animal Control. *Id*.

---

[1] Defendant Hawkins affirms that Animal Control was contacted because: (1) no one was staying at the Ellerbie Street address and the agents could not leave the dog alone without food and water; (2) plaintiff's wife already indicated that she would not take the dog, and it was anticipated that plaintiff would be held without bond; (3) the agents had been told that it is illegal to own a pit bull in Prince George's County under a February 3, 1997, ordinance which made ownership of the breed illegal unless the animal was licensed in the county prior to 1997 and unless the owner applied for and received a special pit bull permit tag each year, beginning in 1997. Paper No. 12, Ex. 4; *see also* Prince George's County Code § 3-185.01. Plaintiff licensed his pit bull in Prince George's County on December 1, 1995, but did not obtain the required special pit bull permit tag in 1997. *Id*., Ex. 1. Therefore, keeping the pit bull at the Ellerbie address violated the county code.

According to defendants Prince George's County, Prince George's County Animal Control Management,[2] and Unknown Named Animal Control Officers (hereinafter referred to as "Prince George's County defendants"), Animal Control was contacted by the agents, who expressed concerns about a pit bull terrier left abandoned in the backyard of the Ellerbie Street home, given plaintiff's arrest and the execution of a search warrant. Paper No. 14., Ex. F. An animal control officer went to plaintiff's home, observed a pit bull terrier acting aggressively in the plaintiff's backyard, and retrieved the animal. *Id*., Ex. E. After taking the animal, the officer left two notices at plaintiff's home, on the front and back door, stating that the dog had been taken from the premises to the Animal Control Division. *Id*., Exs. B & E. Pursuant to Subtitle 3, § 3-122 of the Prince George's County Code, plaintiff's pit bull terrier was held for five working days before it was euthanized. *Id*., Ex. C. The Prince George's County defendants indicate that the dog was euthanized because it was illegal for plaintiff to possess it at the time[3] and because no one claimed ownership of it during the legal holding period. Under the applicable regulations, the notice of seizure by posting on the premises was sufficient. Paper No. 14, Ex. D.

Following his arrest, plaintiff was convicted by a jury in the United States District Court for the Eastern District of Virginia of conspiracy to distribute cocaine and cocaine base and conspiracy to commit money laundering. Paper No. 12, Ex. 2; *see United States v. Mitchell*, 70 Fed. Appx. 707, 2003 WL 21757309 (4th Cir. July 31, 2003). United States District Court Judge James C. Cacheris

---

[2]The Prince George's County defendants claim that there is no legal entity designated as "Prince George's County Animal Control Management." Paper No. 14, Mem. at 8-9.

[3]As already indicated, under Subtitle 3, § 3-185.01 of the Prince George's County Code, it is illegal for a person to own, keep or harbor a pit bull terrier within the county unless it was owned prior to the enactment of the statute in 1997, and is properly registered. The Prince George's County defendants claim that there is nothing in the records of the Animal Control Division showing that the pit bull was owned and properly registered by plaintiff. Paper No. 14. They allege, as does defendant Hawkins, that plaintiff illegally possessed the pit bull.

entered an order that forfeited to the government, *inter alia*, "all furniture, fixtures and personal property located within the real property and premises known as 5501 Ellerbie Street, Lanham, Maryland." Paper No. 12, Ex. 5.  On August 29, 2002, plaintiff was sentenced to a 360-month term on the drug conspiracy count and a concurrent 120-month term on the money laundering count. *Id*., Ex. 2, *see United States v. Mitchell*, 70 Fed. Appx. 707, 2003 WL 21757309 (4th Cir. July 31, 2003).

III.

On July 11, 2003, plaintiff filed a pro se civil action for damages against SAs Lissi and Bevington in the United States District Court for the Eastern District of Virginia, alleging that they violated his rights when they "seized" his pit bull.  Paper No. 12, Ex. 6. On August 4, 2004, Judge Cacheris granted summary judgment to Lissi and Bevington on the merits as well as on the basis of qualified immunity.  Paper No. 12, Ex. 1; *see Mitchell v. Lissi, et al*., Civil Action No. 03-1190-AM (E.D. Va. 2003).  The Fourth Circuit affirmed Judge Cacheris's decision on February 15, 2005. Paper No. 18, Ex. A.

Defendant Hawkins asserts that the complaint under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), should be dismissed on the merits and on the basis of issue preclusion, as Judge Cacheris has already ruled on the merits of plaintiff's allegations that the dog was not seized by the FBI as to SAs Lissi and Bevington, and that they are entitled to qualified immunity in any event. The undersigned credits this assertion and concludes that plaintiff is precluded from raising the seizure issue here against Hawkins, who, in all material respects, stands in the same shoes as his co-agents.

IV.

There is no dispute that animal control officer Kenwin Adams took possession of the pit bull and took the animal back to the animal control facility for reasons previously noted by the court.

5

In taking possession of the dog, Adams left two notices at plaintiff's home containing necessary date, time, and contact information. After a five-day waiting period expired, the dog was put down.

Plaintiff, the non-moving party, must establish the existence of a genuine issue of material fact by presenting evidence on which a fact-finder could reasonably find in his favor. Plaintiff argues that this notification was inadequate because animal control knew he was incarcerated and did not send him notice at the Alexandria Detention Center. The court finds this argument unavailing.

There is no dispute that plaintiff's possession of the pit bull was violative of the county ordinance. Notwithstanding the prohibited ownership, even if plaintiff could show a legal possessory interest in the dog, the materials in the record show that the seizure of the dog from the backyard of the Ellerbie Street property by Prince George's County animal control personnel was reasonable under the circumstances[4] and that the county's actions in taking the dog, providing the notification as required under county code provisions, and subsequently euthanizing the dog after the expiration of the prescribed waiting period comported with due process.

V.

For the aforementioned reasons, an Order shall be entered granting defendants' dispositive motions and entering judgment in favor of defendants and against plaintiff.

Filed: August 16, 2005                              /s/
                                                    Andre M. Davis

---

[4] The Fourth Amendment protects against unreasonable search and seizures. *Graham v. Conner*, 490 U.S. 386, 395 (1989). The destruction of a dog by government officers constitutes a seizure within the meaning of the Fourth Amendment. *Fuller v. Vines*, 36 F.3d 65, 67-68 (9th Cir. 1994). A seizure alone, however, does not constitute a Fourth Amendment violation. *Soldal v. Cook County, Illinois*, 506 U.S. 56, 61-63 (1992). The question is whether the seizure was reasonable under the circumstances. *Id*. On the record here, as a matter of law, the seizure of the animal was reasonable, and notice by posting on the doors of the premises where the animal was seized was constitutionally adequate notice.

United States District Judge